### LITTLE FALLS WATER POWER CO. OF MINNESOTA v. HAUSDORF.

(Circuit Court, D. Minnesota, Fifth Division. January 9, 1904.)

1. LANDLORD AND TENANT—FIXTURES—RIGHT OF TENANT TO REMOVE AFTER DEFAULT.

The assignee of a lease for a mill site, on which stood a building erected by a former tenant, who paid no rent after he acquired the leasehold, but made default for such length of time as entitled the lessor, under the terms of the lease, to terminate the same, and re-enter and take possession of the property, which it did, will not be given the right by a court of equity to remove the building on paying the rent accruing to the time of such removal, whatever may have been the right of the builder to remove it while the lease was in force.

In Equity. On final hearing.

Lindbergh & Blanchard, for complainant.
M. A. Hildreth and F. H. Peterson, for defendant.

MORRIS, District Judge. The above-entitled cause came on for final hearing upon the report of the special examiner appointed to take the evidence herein and report the same to this court, and on depositions taken in pursuance of a stipulation between the parties on the 30th day of November, A. D. 1903, and was argued by counsel. Messrs. Lindbergh & Blanchard, of Little Falls, Minn., appeared as solicitors for complainant, and Messrs. M. A. Hildreth, of Fargo, N. D., and F. H. Peterson, of Moorhead, Minn., appeared as solicitors for defendant. And, now, after duly considering the pleadings and the evidence and the arguments of counsel, I make and file the following findings of fact and conclusions of law:

### Findings of Fact.

First. That the complainant, the Little Falls Water Power Company of Minnesota, is a corporation organized and existing under and by virtue of the laws of the state of Minnesota, with its office and principal place of business at Little Falls, Minn.; that the defendant Frank A. Hausdorf at the time of the commencement of this action was, and still is, a citizen and resident of the city of Fargo, N. D.

Second. That on the 8th day of June, 1898, the complainant was the owner of the following described parcel of land, situated in Morrison county, in the state of Minnesota, to wit: All of lots numbered two and three of Mill Sites in Thayer's Addition to the village (now city)

of Little Falls, Morrison county, Minn., according to the recorded plat thereof on file and of record in the office of the register of deeds within and for said county, excepting the westerly 20 feet of said lots; also a strip of land 20 feet in width across said two lots for special rail and wagon roadway, commencing on the south line of lot 1 of said Mill Sites, west of the Electric & Water Company's building, as now located on said lot 1, and extending in a southerly direction to a connection with that similar strip of land reserved across lot 4 of said Mill Sites for the same purpose, so as to form a practical and continuous roadway. See lease between the lessor and Sarah H. Cawley, recorded in Book E4, on page 132, of Miscellaneous, in the office of said register of deeds, together with two mill powers, known and distinguished as Nos. 6 and 7. That there was then situated on said land a four-story brick building, resting on a stone foundation, which said building was thereon located at the time of the beginning of this action, and had been for some time prior thereto.

Third. That on said 8th day of June, 1898, the complainant made and entered into a lease and agreement with one Charles J. Cawley, whereby said premises, as described, were leased to said Cawley for a term of 20 years from April 30, 1896, with the right and option of the lessee, at or before the expiration of every succeeding term of 20 years thereafter, forever, to renew the same, as more fully appears by the lease and the proposals attached thereto (Exhibit A of the Record, page 130), which said Exhibit A is hereby referred to and made a part of these findings, as if the same were here fully set forth. That thereafter said Charles J. Cawley, with the consent of the complainant, duly assigned and transferred said lease to Frank E. Cawley. That thereafter said Frank E. Cawley and Sarah H. Cawley, his wife, with the consent of complainant, duly assigned and transferred said lease to the defendant herein. That said last-named assignment was made and executed on the 3d day of January, 1902, and was consented to by complainant on the 8th day of January, 1902. That at the time of the execution and delivery of said last-named assignment the rents had been fully paid by said Frank E. Cawley up to the 1st day of January, 1902, and complainant waived the part of the rent between January, 1902, and May, 1902.

Fourth. That the rent under said lease for the months of May, June, and July, 1902, became due on the 1st day of May, 1902, and a bill therefor was rendered to the defendant by complainant on the 30th day of April, 1902. That the rent under said lease for the months of August, September, and October, 1902, became due on the 1st day of August, 1902, and a bill therefor was rendered by the complainant to the defendant on the 31st day of July, 1902. That the rent under said lease for the months of November and December, 1902, and January, 1903, became due on the 1st day of November, 1902, and a bill therefor was rendered by the complainant to the defendant on the 30th day of October, 1902. That the defendant did not on said quarter days, or either of them, pay said rent, or any part thereof, and has never paid said rent, or any part thereof.

Fifth. That in the month of November, 1902, and prior to the service of the summons in this action, the defendant being in default for

nonpayment of rent under said lease, the complainant, under proposal 10 of said lease, re-entered into the said demised premises, and the whole thereof, and repossessed itself of its former estate therein, and thereby determined said lease.

### Conclusions of Law.

That the title to said property, and the whole thereof, including the buildings thereon, is in the complainant, and that complainant's rights in the same should be quieted as to any and every claim of the defendant, and each and every person claiming by, through, or under him, and that the complainant should recover from the defendant its costs and disbursements herein. Let judgment be entered accordingly.

Leave is granted to the complainant to amend the complaint so as to allege possession by the complainant of said property at the time of the commencement of this action.

### Memorandum.

I have not thought it necessary in this case to determine the question whether or not the four-story brick building erected by the Interstate Milling Company on the foundation which was on the property at the time of the lease to said company is such a trade fixture as could be removed by the lessee before the expiration of his term; nor the further question whether or not the lease made to Charles J. Cawley, and subsequently assigned by him to Frank E. Cawley, and by the said Frank E. Cawley to defendant herein, was, in effect, and by the intention of the parties thereto, a continuation of the lease held by the Interstate Milling Company, carrying with it the same rights as to removal of said building as were possessed by the said Interstate Milling Company. It seems to me to be sufficient to entitle the complainant to a decree in this action that the defendant has wholly failed to perform his part of the contract in said lease, which was assigned to him; that he has wholly failed to pay any rent thereunder, and never has paid, and does not now propose to pay, said rent, or any part thereof, except on condition that he be permitted to remove said building; and that, by reason of his default in the performance of the covenants and agreements by him to be performed under said lease, the complainant has, prior to the commencement of this action, in accordance with the terms of said lease, re-entered upon said premises, and repossessed itself of its former estate therein, thereby terminating said lease. The defendant cannot be permitted to come into a court of equity under these conditions, and say to that court (for that is what his contention and position are equivalent to): "While I have never paid any rent under this lease, and I do not now propose to pay said rent, or any part thereof, unless the complainant or the court will first say that I have a right to remove the building erected thereon from the premises, and will permit such removal, and while I have so acted that complainant has had the right under said lease to re-enter said premises and terminate said lease, and has done so, and while I do not expect to continue said lease and go on with the payment of the rent reserved therein, yet if the court will say that I can remove said building, or will give me a judgment against complainant for the value

thereof, I will pay said rent up to the time of the entry of said judgment, or up to the time when I have completed said removal, and I therefore ask that the court so decree." Before the defendant can claim any right under the contract, either in law or equity, he must perform his part of the contract.